ERNEST J. PIRMAN and Another, Respondents, v. HAROLD T. CONFER and Another, Appellants.— Judgment reversed, on the law and facts, as to paragraphs designated (a), (b) and (e) in such judgment and affirmed as to paragraphs designated (c) and (d) in such judgment, in accordance with the statement hereto attached, with costs to appellants. The plaintiffs and defendants are the owners of adjoining premises in a wooded country in the town of Warrensburg, Warren county. Plaintiffs contended that they were entitled to a right of way over defendants' lands by reason of a private easement connecting two public roads known as Pucker street and Spruce Mountain road. Defendants erected barriers on this road which effectually prevented plaintiffs from using it. Plaintiffs instituted this action to enjoin defendants from maintaining such barriers and from interfering in any way with plaintiffs' use of such road, and for other relief. The court below determined that such a road existed and that plaintiffs' predecessor in title had used it for more than sixty years and that plaintiffs have a private easement over such road. The evidence does not sustain such finding. The court hereby reverses findings of fact contained in the decision numbered 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19 and 23. The court also reverses the finding of fact contained in the conclusions of law numbered 1, 2, 3, 4 and 5 of such decision. The court disapproves of the conclusion of law numbered 6 and the subdivisions thereof designated (a), (b) and (e) in such decision. The court finds: 1. That none of plaintiffs' predecessors in title ever made any claim of right to the use of the premises now owned by defendants as a public road or private easement. 2. That no part of such alleged public road or private easement was ever worked, repaired or maintained by public authority or at public expense upon or across the lands now owned by defendants and that no part of such alleged private highway or private easement upon the lands owned by defendants was ever appropriated, accepted, adopted or otherwise recognized as a public road or highway by any public authority, nor was the same ever opened or laid out in accordance with any provisions of law, and that such road so far as it crosses the lands of defendants never became and is not a public road or highway. 3. That whatever use plaintiffs or their predecessors in title have made of the lands now owned by defendants in crossing and recrossing the same was made with the consent of the owners thereof, and that there has been no user of defendants' lands by plaintiffs or their predecessors in title adverse to defendants or their predecessors in title. 4. That plaintiffs have no right in, upon or across the lands of the defendants or any part thereof as a private easement or right of way. Rhodes, McNamee, Bliss and Heffernan, JJ., concur; Hill, P. J., concurs in all of the foregoing decision except so much thereof as relates to paragraphs (c) and (d) of the judgment, and as to those dissents and votes to reverse.